**HTM RESTAURANTS, INC., d/b/a Charley T's, Appellant,**

v.

**GOLDMAN, SACHS & CO., the Buffalo Tower Company, and Institutional Property Assets, Appellees.**

**No. B14–89–00965–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 13, 1990.

Rehearing Denied Oct. 11, 1990.

 

William T. Green, III, Houston, for appellant.

Paul J. McConnell, III, Stephen C. Reid, III, James H. Powers, Ben A. Baring, Jr., Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant complains of three take-nothing summary judgments granted in favor of Goldman, Sachs & Co. (Goldman), Institutional Property Assets (IPA), and Buffalo Tower Company (Buffalo).

HTM brought suit against appellees based on a lease of premises (the building). Buffalo, which owned the building at the time the lease was executed, later sold the building to IPA and assigned all leases to IPA. Goldman manages IPA's assets. At the time the parties executed the lease, Mutual Life Insurance Company of New

York (MONY) had a lien and deed of trust on the building. Upon IPA's default, MONY foreclosed and terminated appellant's lease.

HTM sued appellees for breach of the implied covenant of quiet possession and enjoyment. HTM also sued for fraud, fraudulent concealment and non-disclosure of asbestos in the building, for negligent concealment and non-disclosure of the asbestos, and for negligent misrepresentation regarding the asbestos. Each appellee filed a motion for summary judgment. The trial court granted all three motions. In one point of error, appellant contends the trial court erred in granting appellees' motions for summary judgment. We affirm.

A defendant is entitled to prevail on a motion for summary judgment if it establishes, as a matter of law, that at least one essential element in each of plaintiff's causes of action does not exist. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975).

### Quiet Enjoyment

■ In every lease of land, *in the absence of express language to the contrary*, there is an implied covenant that the lessee shall have the quiet, peaceful enjoyment of the leased premises. *L–M–S Inc. v. Blackwell*, 149 Tex. 348, 233 S.W.2d 286, 289 (Tex.1950) (emphasis added); *see also* RESTATEMENT (SECOND) OF PROPERTY § 4.3 (1977). In its petition, HTM asserted a claim for breach of a covenant of quiet enjoyment. HTM based its claim on IPA's failure to make the mortgage payments to MONY, resulting in MONY's foreclosing on the lease. However, article 22 of the lease states:

> *Lessee* accepts this lease and the leased premises in their entirety subject to any deeds of trust, security interests, or mortgages which might now or hereafter constitute a lien upon the building or improvements therein or on the leased premises....

When the lease containing this provision was executed, the deed of trust in favor of MONY had been recorded for five years. Therefore, HTM executed the lease with the knowledge that the deed of trust existed and that any lease provision was subordinate to the mortgage. We find that an action for breach of the covenant of quiet enjoyment, based on IPA's failure to make the mortgage payments, is not a viable cause of action because the *implied* covenant is precluded by the *express* terms of the lease.

### Fraud

■ Fraud requires a material misrepresentation that was false; that the speaker knew it was false or made it recklessly without any knowledge of its truth; that the speaker made it with the intention it should be acted upon; and that the plaintiff acted in reliance upon it and thereby suffered injury. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex.1977). In alleging fraud in its first amended original petition, HTM stated:

> HTM *incorporates the allegations set forth above* and would show that Buffalo Tower, Goldman Sachs and Institutional Property intentionally represented facts to HTM. When those representations were made, they were known to be false or they were made recklessly, without any knowledge of their truth, as a positive assertion ... (emphasis added).

This allegation does not state what misleading factual representations appellees made. However, because HTM "incorporates the allegations set forth above" in its petition, we assume they are referring to their allegation of breach of covenant of quiet enjoyment. Therefore, we must also assume appellant is contending appellees failed to disclose the MONY mortgage that existed at the signing of the lease, or made material misrepresentations regarding the mortgage. Article 22 of the lease stated: "*Lessee* accepts this lease and the leased premises in their entirety subject to any deeds of trust, security interests, *or mortgages*." However, the language of the lease expressly stated that HTM accepted it subject to any existing mortgages, the mortgage had been recorded for five years when HTM signed the lease, and appellant failed to allege any material misrepresenta-

tion of those facts. Therefore, we find no fraud concerning the existence of the MONY mortgage.

## Fraudulent and Negligent Concealment

A party cannot be guilty of fraudulently or intentionally concealing facts of which he is not aware. *Barnard v. Thompson*, 138 Tex. 277, 158 S.W.2d 486 (1942); *Raney v. Mack*, 504 S.W.2d 527, 534 (Tex.Civ.App.—Texarkana 1973, no writ). Although silence can be a form of misrepresentation, the duty to speak does not arise until the silent party is aware of the facts. *Storms v. Tuck*, 579 S.W.2d 447, 452 (Tex.1979). Thus, appellees had no duty to disclose the presence of the asbestos until they become aware of it.

In its petition, HTM alleged Buffalo, Goldman, and IPA, fraudulently concealed and failed to disclose "the actual truth about the asbestos problem." On appeal, HTM relies on "the failure of Goldman Sachs, IPA and Buffalo Tower to disclose the existence of asbestos." In its motion for summary judgment, Buffalo included the affidavit of Ralph Ragland, a general partner of Buffalo. In his affidavit, Ragland stated that on behalf of Buffalo he conducted the lease negotiations that led to the execution of the lease with HTM. He stated that he had no personal knowledge that the building contained asbestos, and he further stated the building specifications did not reveal asbestos was used in the building. In its response to Buffalo's motion for summary judgment, HTM did not dispute Ragland's assertions. Since Buffalo's assertion that it was not aware of the asbestos during the lease negotiations was undisputed, it could not be found guilty of fraudulent concealment. *See id.*

With respect to its claim against Goldman, HTM alleged Goldman and IPA "intentionally concealed and failed to disclose material facts to HTM with the intent to induce HTM to take a course, or courses of action it would not have taken if it knew the actual facts." HTM exercised its option to renew the lease on January 29, 1987. On May 13, 1987, HTM refused Goldman's offer to rescind the renewal,

*even though* HTM admitted that Goldman had "advised it of the presence of asbestos." Because Goldman disclosed the presence of asbestos to HTM, and because HTM declined to rescind the lease with that knowledge, we find HTM is estopped from claiming lack of knowledge of the asbestos induced it to "take a course of action" and renew the lease.

Finally, in its response to Buffalo's motion for summary judgment, HTM also alleged "Buffalo Tower did not disclose to HTM that its first lien indebtedness contained a nonrecourse clause." When HTM entered into the lease negotiations in 1982, the Deed of Trust had been on file for more than five years. Apparently, HTM contends Buffalo had a duty to disclose the existence of the deed of trust, indicate that it contained a non-recourse clause, and explain the effect of that clause to HTM during the lease negotiations. However, in this situation, the parties enjoyed the opportunity of making their own investigation and determining the legal effect of their actions. *See Fina Supply, Inc. v. Abilene Nat'l. Bank*, 726 S.W.2d 537, 540 (Tex.1987). Accordingly, we find no fraudulent or negligent concealment regarding the non-recourse clause.

## Negligent Misrepresentation

HTM contends appellees fraudulently or negligently concealed facts, or misrepresented facts, regarding the presence of asbestos in the building. We first address HTM's assertion that the presence of asbestos was "misrepresented." In its Requests for Admissions, Buffalo asked HTM to:

1. Admit that no employee, agent or representative of Buffalo Tower Company made any oral statement to any employee, agent or representative regarding the presence or absence of asbestos in the Leased Premises prior to the date you signed the Lease Agreement.

2. Admit that no employee, agent or representative of Buffalo Tower Company made any written representation to any agent, employee or representative of HTM Restaurants, Inc. regarding the

presence or absence of asbestos in the Leased Premises prior to the date you signed the Lease Agreement.

HTM responded "admitted" to both requests. Because HTM admits that no "representation" regarding the presence of asbestos was made, an essential element of HTM's claim for "misrepresentation" is missing that precludes recovery by HTM.

Because we find appellees have negated at least one element of each of appellant's causes of action, we overrule appellant's sole point of error and we affirm the granting of the summary judgments.