**Affirmed in Part, Reversed and Rendered in Part, Remanded, and Memorandum Opinion filed January 12, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00727-CV

---

### WILLOW CREEK GOLF CLUB, INC., Appellant

### V.

### WILLOW CREEK MANAGEMENT, INC., Appellee

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-30513**

---

## M E M O R A N D U M   O P I N I O N

Appellee Willow Creek Management, Inc. ("Tenant") operated a golf course on real property it leased from appellant Willow Creek Golf Club, Inc. ("Landlord"). During the lease term, a months-long dispute arose between the parties. Tenant sued Landlord, seeking declaratory judgment and injunctive relief. Shortly thereafter, Landlord filed a forcible detainer suit against Tenant. After Tenant amended its lawsuit to add claims for breach of contract, breach of the

implied covenant of quiet enjoyment, and wrongful eviction, Landlord filed a motion to dismiss all of Tenant's claims pursuant to the Texas Citizen's Participation Act ("TCPA"), arguing that Tenant's legal action was based on Landlord's exercise of the right to petition. The motion was denied by operation of law.

Appealing the denial, Landlord argues that the TCPA applies to all the claims and that Tenant failed to present prima facie evidence to support them. Tenant responds to these points and adds alternatively that we should affirm because the claims are excepted from the TCPA by the commercial speech exemption.

We hold:

1.      Landlord proved by a preponderance of the evidence that the TCPA applies to (a) Tenant's wrongful eviction claim and (b) the parts of Tenant's breach of contract and breach of the implied covenant of quiet enjoyment claims that are factually predicated on Landlord's forcible detainer lawsuit. As to those claims, Tenant met its prima facie evidentiary burden on the breach of contract claim but did not meet its burden as to the remaining claims.

2.      Landlord did not prove by a preponderance of the evidence that the TCPA applies to (a) Tenant's declaratory judgment claim or (b) the parts of Tenant's breach of contract and breach of the covenant of quiet enjoyment claims that are not factually predicated on Landlord's forcible detainer lawsuit. Thus, Tenant had no burden to present prima facie evidence in support of these claims.

3.      Tenant did not establish that the TCPA's commercial speech exemption applies.

Accordingly, we affirm in part, reverse and render in part, and remand for further proceedings.

## Background

The Willow Creek Golf Club (the "Club") is a private golf course with approximately 400 members. Landlord owns the real property on which the Club is located. In 1993, Landlord entered into a fifty-year lease with Tenant. Material terms under the lease include: Tenant would pay rent, improve and continue to make capital improvements to the property, and operate and manage the Club; and Landlord had the right to audit Tenant's records with respect to the sums to be spent for capital improvements and agreed that it would not interfere with Tenant's operation and management of the Club. Regarding capital improvements, the Lease required Tenant "in each Fiscal Year to expend for capital improvements to the Property a sum equal to not less than seven percent (7%) of the Gross Receipts for the particular Fiscal Year."

In a January 2021 meeting of Landlord and Tenant representatives, Tenant estimated that it spent approximately $39,000 less than seven percent of its gross receipts in 2020. On February 9, 2021, Landlord sent notice of default and demanded payment of $39,173.00 in "Rent," as well as $500 for attorney's fees. The next day, Landlord demanded that "[Tenant] submit to and cooperate with an audit and promptly produce copies of its financial statement, books and records for the previous four (4) years."

On March 12, Tenant responded and denied being in default. Tenant explained that, upon further analysis, it in fact spent "well over 7% of gross revenues on capital improvements [in] 2017 and planned to do so in 2021 as well." Because the Lease did not prohibit "carry over" calculations and because Tenant had done so in the past, Tenant's position was that expenses could be capitalized

3

over several years. According to Tenant, after its March 12 response, Landlord "began to pepper [Tenant] with requests for unrelated information," including about insurance coverage, historical information about the Club and its insurance claim history, and the speed of the repairs following weather-related damage.

On May 18, Landlord sent a "Notice to Vacate and Lease Termination," alleging that Tenant was in default of the Lease because it had failed to pay all rent owing and had failed to comply with the audit demand. Landlord further demanded that Tenant vacate the premises on or before May 21, 2021. If Tenant did not comply by May 21, then Landlord threatened "to file suit thereafter to evict any and all parties in possession of the Property."

On May 19, Tenant responded to the Notice to Vacate, again disputing that it had breached the Lease, and "plac[ed] [Landlord] on notice" that its continued interference with Tenant's ability and prerogative to operate, manage, and enjoy the Club was a violation of the "covenants, representations, agreements, terms, or conditions" of the Lease, as well as the implied covenant of quiet enjoyment.

On May 20, Landlord again claimed that Tenant was in default and stated that "[Landlord] is not 'threatening' to evict [Tenant]; [Landlord] is evicting [Tenant]." (Emphasis original).

On May 21, Tenant filed its original petition in this case, seeking a declaratory judgment and injunctive relief.

On June 2, Landlord filed a complaint of forcible detainer in justice court, seeking an order for immediate possession of the premises. On July 6, the justice court rendered judgment awarding Landlord possession of the premises. The court awarded $0 as "rent owed" and $0 as "attorney's fees." The court set Tenant's appeal bond at $0.

4

On September 1, Tenant filed an amended petition in this case, asserting for the first time claims for breach of contract, breach of the implied covenant of quiet enjoyment, and wrongful eviction. The live pleading also reasserted Tenant's declaratory judgment claim and request for injunctive relief.

Landlord filed a motion to dismiss under the TCPA, arguing that all of Tenant's claims were based on or in response to Landlord's exercise of its right to petition—i.e., its forcible detainer suit—and that Tenant could not establish a prima facie case for its claims. Tenant responded, disputing the TCPA's applicability and alternatively producing evidence in support of its claims. The trial court held a hearing, at which Tenant argued for the first time that the commercial speech exemption precluded the TCPA's applicability in this case. *See* Tex. Civ. Prac. & Rem. Code § 27.010(a)(2). The trial court did not rule on Landlord's motion within the statutory deadline, and so it was denied by operation of law. *See id.* § 27.008(a).

This interlocutory appeal followed. *See id.* §§ 27.005, 27.008, 51.014(a)(12).

## The TCPA

The TCPA contemplates an expedited dismissal procedure applicable to claims brought to intimidate or silence a defendant's exercise of the rights to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law without impairing a person's right to file meritorious lawsuits for demonstrable injury. *See* Tex. Civ. Prac. & Rem. Code § 27.002; *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam).

5

The party invoking the TCPA may file a motion to dismiss the legal action and must show by a preponderance of the evidence that the action is "based on or is in response to" that party's exercise of the right of free speech, right to petition, or right of association, as those terms are defined in the Act. Tex. Civ. Prac. & Rem. Code §§ 27.003(a); 27.005(b). If the movant satisfies this burden, the trial court must dismiss the lawsuit unless the nonmovant "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). A "prima facie case" refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted. *See In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). It is the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* (internal quotations omitted).

The nonmovant can avoid the Act's burden-shifting requirements, and indeed avoid dismissal altogether, by establishing that its legal action is exempt from the TCPA under a specific statutory exemption. *See* Tex. Civ. Prac. & Rem. Code § 27.010; *Hieber v. Percheron Holdings, LLC*, 591 S.W.3d 208, 211 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). The parties dispute the applicability of one of those exemptions—known as the "commercial speech" exemption—and we discuss it subsequently.

We construe the TCPA liberally to effectuate its purpose and intent fully. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *Coleman*, 512 S.W.3d at 899; *Enter. Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 293 (Tex. App.—Houston [14th Dist.] 2020, no pet.); Tex. Civ. Prac. & Rem. Code § 27.011(b). A trial court's determination of whether claims fall within the TCPA's framework is subject to a de novo standard of review. *See Adams*, 547 S.W.3d at 894. Under that standard, we "make an independent

determination and apply the same standard used by the trial court in the first instance." *Cox Media Grp., LLC v. Joselevitz*, 524 S.W.3d 850, 859 (Tex. App.—Houston [14th Dist.] 2017, no pet.). We must consider the relevant pleadings, evidence, and any supporting or opposing affidavits "stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). We review these materials in the light most favorable to the nonmovant. *See Enter. Crude*, 614 S.W.3d at 294.

## A. Does the TCPA apply to Tenant's claims?

Regarding the first step, Landlord argued that all of Tenant's claims in its amended petition were based on or in response to Landlord's exercise of the right to petition, namely its forcible detainer lawsuit. As defined in the TCPA, an "exercise of the right to petition" includes "a communication in or pertaining to . . . a judicial proceeding." Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i). "Communication" is statutorily defined and includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1); *see also Adams*, 547 S.W.3d at 894 (statutory definition of "communication" covers "[a]lmost every imaginable form of communication, in any medium"). We also observe that a "judicial proceeding" means an actual, pending judicial proceeding. *See QTAT BPO Solutions, Inc. v. Lee & Murphy Law Firm, G.P.*, 524 S.W.3d 770, 778 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Long Canyon Phase II & III Homeowners Ass'n, Inc. v. Cashion*, 517 S.W.3d 212, 220 (Tex. App.—Austin 2017, no pet.); *Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 728-29 (Tex. App.—Dallas 2016, pet. denied). A forcible detainer lawsuit qualifies as a "judicial proceeding." Further, for a claim to be "based on" or "in response to" the exercise of a TCPA protected right, the claim must at least be "factually predicated" on the exercise of

7

the asserted TCPA right. *Enter. Crude GP LLC*, 614 S.W.3d at 296. Thus, to the extent Tenant's claims are factually predicated on Landlord's forcible detainer lawsuit, it can be fairly said that they are based on or in response to Landlord's exercise of the right of petition. *See id.* at 296-99. On the other hand, to the extent Tenant's claims are factually predicated on alleged conduct or communications occurring prior to Landlord's filing of the forcible detainer action, the claims are not based on or in response to Landlord's exercise of the right of petition under the TCPA. *See Long Canyon*, 517 S.W.3d at 220.

With the Act's purpose and definitions in mind, we turn to Tenant's claims to determine whether the TCPA applies to each of them. *See Union Pac. R.R. Co. v. Dorsey*, 651 S.W.3d 692, 695 (Tex. App.—Houston [14th Dist.] 2022, no pet.) ("Dismissal under the TCPA is determined on a claim-by-claim basis.").

1. Wrongful eviction

We begin with Tenant's claim for wrongful eviction. In support of this claim, Tenant alleged that Landlord wrongfully filed a forcible detainer action and wrongfully obtained a possession order from the justice court.

This claim is plainly based on or in response to Landlord's exercise of its right to petition because it is factually predicated on the Landlord's invocation of the judicial process by filing the forcible detainer lawsuit. Landlord's forcible detainer complaint is a "communication in or pertaining to . . . a judicial proceeding." Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i). And, as Tenant acknowledges, an eviction is required to support a wrongful eviction claim. Thus, we conclude that Landlord proved by a preponderance of the evidence that Tenant's wrongful eviction claim is based on or in response to Landlord's exercise of the right of petition and therefore is subject to the TCPA's requirements. *See Griffith Truck & Equip., Inc. v. Flash Tank Servs., Inc.*, No. 14-21-00331-CV,

8

2022 WL 2920693, at *3 (Tex. App.—Houston [14th Dist.] July 26, 2022, no pet.) (mem. op.); *see also Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) ("When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more.").

In part of its argument, Tenant appears to contend that the TCPA should not apply to its wrongful eviction claim because that claim could not have been filed in the detainer action. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785-86 (Tex. 2006); Tex. R. Civ. P. 510.3(e) ("Counterclaims and the joinder of suits against third parties are not permitted in eviction cases."). For that reason, Tenant says that its wrongful eviction claim cannot be considered filed "in response" to Landlord's earlier detainer action. Tenant also argues that Landlord's right to petition in fact has not been impaired because Landlord has obtained a judgment of possession from the justice court, which is currently on appeal. Regardless of these arguments, the TCPA applies to Tenant's wrongful eviction claim because that claim is a "legal action" that is necessarily based on or in response to Landlord's exercise of the right to petition, namely its detainer lawsuit—a communication in or pertaining to a judicial proceeding. Tex. Civ. Prac. & Rem. Code § 27.001(4). Our conclusion is based simply on the statute as it is written.[1]

2.     Declaratory judgment

In its amended petition, Tenant sought the following declarations "as to the course of dealings and performance of the parties to the Lease":

---

[1] Of course, an eviction suit brought under Property Code Chapter 24 is exempt from the TCPA. Tex. Civ. Prac. & Rem. Code § 27.010(a)(9). But Tenant's wrongful eviction claim is not an "eviction suit" under Chapter 24, and Tenant has not invoked that exemption as a reason why the TCPA should not apply to its wrongful eviction claim.

(a) in connection with [Landlord's] advisory capacity to [Tenant], [Tenant] would apprise [Landlord] of its management and operations of the Club, by, among other things, sending a representative to [Landlord's] board and general meetings to update [Landlord] about the general management and operations of the Club, including prospective and ongoing capital improvements, major projects, budgeting, and expenses, and would make similar disclosures to the Joint Committee, which would meet on a quarterly, bi-annually or yearly basis, during which such meetings the members of the Joint Committee would discuss the management and operations of the Club, including the Ongoing Capital Improvements, major projects and other expenditures;

(b) funding of Ongoing Capital Improvements, including Major Projects, was allocated over a period of years;

(c) [Tenant] fully complied with its financial disclosure requirements to [Landlord];

(d) [Tenant] is in compliance with the Ongoing Capital Improvements obligation; and

(e) [Tenant] has complied with the Lease.

The requested declarations concern either a purported construction of the Lease or the responsibilities and duties owed by Tenant to Landlord. Additionally, Tenant correctly observes that its initial request for a declaratory judgment in the original petition pre-dated Landlord's filing of the detainer action. For these reasons, no part of the declaratory judgment claim is factually predicated on Landlord's forcible detainer lawsuit. Thus, we conclude that Landlord did not prove by a preponderance of the evidence that Tenant's declaratory judgment "legal action" is based on or in response to Landlord's exercise of the right of petition.[2] Thus, the TCPA does not apply to the request for declaratory relief.

---

[2] A request for declaratory relief is included in the definition of "legal action." Tex. Civ. Prac. & Rem. Code § 27.001(6).

10

3. Breach of contract and breach of the implied covenant of quiet enjoyment

Tenant's remaining claims are breach of contract and breach of the implied covenant of quiet enjoyment. These claims fall within the TCPA's definition of "legal action." Tex. Civ. Prac. & Rem. Code § 27.001(6). We examine the extent to which they are factually predicated on Landlord's forcible detainer lawsuit.[3]

Tenant generally alleged that Landlord breached the Lease by "manifest[ing] through its words and actions an absolute repudiation of its obligations under the Lease, for which it has no excuse" and by "tak[ing] actions which substantially interfere with [Tenant's] intended use and enjoyment of the premises," including "interference with [Tenant's] ability and prerogative to operate and manage the Club, as well as with its quiet use, and enjoyment of the leased premises." The contractual provisions alleged to be breached are the noninterference clause[4] and the default/cure provision.[5] Tenant also alleged that Landlord breached the implied

---

[3] Tenant also requested injunctive relief from Landlord's ongoing interference, which Tenant alleged breached the Lease and the implied covenant of quiet enjoyment. The TCPA does not permit a request for injunctive relief to be separately dismissed when it is linked to a cause of action. *See Patriot Contracting, LLC v. Mid-Main Props., LP*, 650 S.W.3d 819, 829 (Tex. App.—Houston [14th Dist.] 2022, pet. denied); *Cavin v. Abbott*, 613 S.W.3d 168, 171 (Tex. App.—Austin 2020, pet. denied). The TCPA does not apply to Tenant's request for an injunction that is dependent upon its claim for breach of contract or breach of the implied covenant of quiet enjoyment. *See Cavin*, 613 S.W.3d at 172.

[4] "If Tenant shall keep and perform its covenants, conditions, and obligations hereunder, Landlord covenants and agrees that Landlord will not interfere in any manner with Tenant's operation and management of the Club or the Property."

[5] "[T]he following shall constitute a default under this Agreement: . . . Either party's failure to comply with any of the covenants, representations, agreements, terms, or conditions of this Agreement and such failure shall continue for a period of thirty (30) days after written notice thereof to the defaulting party specifying in detail the nature of such failure. Notwithstanding the foregoing, in the event any failure cannot with due diligence be cured within such 30-day period, if the defaulting party proceeds promptly and diligently to cure the same and thereafter diligently prosecutes the curing of such failure, the time within which the failure may be cured shall be extended for such reasonable period as may be necessary for the defaulting party to cure the failure."

11

covenant of quiet enjoyment. *See, e.g.*, *HTM Rests., Inc. v. Goldman, Sachs & Co.*, 797 S.W.2d 326, 328 (Tex. App.—Houston [14th Dist.] 1990, writ denied) ("In every lease of land, in the absence of express language to the contrary, there is an implied covenant that the lessee shall have the quiet, peaceful enjoyment of the leased premises.").

The factual predicate for these claims rests in part on the forcible detainer lawsuit and in part on other alleged wrongful conduct occurring prior to the forcible detainer lawsuit. For example, Tenant claims that Landlord breached the Lease and breached the covenant of quiet enjoyment by initiating the forcible detainer lawsuit. The filing of that suit, Tenant alleged, was wrongful not only because it was based on an incorrect determination that Tenant was in default, but also because it interfered with Tenant's ability to operate the Club and to peaceably enjoy the leased premises.

On the other hand, other facts alleged to support these claims occurred prior to the forcible detainer lawsuit. These include allegations pertaining to Landlord's February 9 and 10 demands for payment of $39,173.00 in "Rent" and to audit Tenant's financial books and records, as well as Landlord's repeated requests for "unrelated information," such as insurance claim history.

The parts of Tenant's claims that are factually predicated on Landlord's forcible detainer suit are based on or in response to Landlord's exercise of the right to petition. *See Griffith Truck*, 2022 WL 2920693, at *3. To this extent, we conclude that Landlord proved by a preponderance of the evidence that Tenant's claims for breach of contract and breach of the implied covenant of quiet enjoyment are subject to the TCPA's requirements.

The TCPA does not apply, however, to the parts of those claims factually predicated on Landlord's conduct or communications occurring before Landlord

12

exercised its right to petition by filing the forcible detainer lawsuit. *See, e.g.*, *Republic Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, No. 14-19-00731-CV, 2020 WL 7626253, at *4 (Tex. App.—Houston [14th Dist.] Dec. 22, 2020, no pet.) (mem. op.) (TCPA did not apply where nonmovant's "factual allegations are solely concerned with private communications outside of, and unrelated to, any judicial . . . proceeding"). Particularly, Tenant alleged that Landlord breached the Lease and breached the implied covenant of quiet enjoyment by improperly claiming Tenant was in default, by demanding an audit, and by demanding the production of financial documents and other information. This alleged conduct occurred before Landlord filed the forcible detainer lawsuit. Therefore, we conclude that Landlord did not prove by a preponderance of the evidence that Tenant's claims for breach of contract and breach of the implied covenant of quiet enjoyment—to the extent they are factually predicated on events occurring before the forcible detainer lawsuit—are subject to the TCPA's requirements. Thus, the TCPA does not apply to the parts of those claims just described. *See, e.g.*, *Enter. Crude GP LLC*, 614 S.W.3d at 299 (holding trespass claim not factually predicated on exercise of TCPA protected right); *Pierce v. Stocks*, No. 01-18-00990-CV, 2019 WL 3418513, at *5 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.) (mem. op.) (rejecting argument that underlying lawsuit filed by surgeon against former administrator was filed in response to administrator's federal lawsuit because claims were premised on conduct that occurred well before administrator filed her federal lawsuit); *Beving v. Beadles*, 563 S.W.3d 399, 408 (Tex. App.—Fort Worth 2018, pet. denied) (rejecting argument that third-party petition was based on defendant's affidavit and deposition testimony because causes of action in third-party petition arose out of facts occurring well before her affidavit and deposition). The trial court did not err to the extent it concluded that the TCPA does not apply to the portions of Tenant's

13

claims factually predicated on Landlord's alleged conduct and communications occurring prior to the June 2021 forcible detainer lawsuit.

In sum, we hold that the TCPA applies to (1) the wrongful eviction claim and (2) the parts of the breach of contract claim and breach of the implied covenant of quiet enjoyment claim that are factually predicated on the forcible detainer lawsuit. Otherwise, the TCPA does not apply to the remainder of Tenant's claims.

## B. Does the commercial speech exemption apply?

Before we consider whether Tenant presented prima facie evidence in support of its claims to which the TCPA applies, we first consider its argument that it need not present evidence on any claims because the commercial speech exemption applies. Landlord correctly notes that Tenant did not cite to the exemption in its response and did not assert the exemption until the hearing on Landlord's motion to dismiss. For that reason, Landlord contends Tenant has waived the exemption and may not invoke it now.

Case law from our sister court suggests otherwise. In *Diogu Law Firm*, the nonmovant did not raise the commercial speech exemption in its TCPA response, but the trial court raised the issue sua sponte during the hearing and ruled that it applied. *See Diogu Law Firm PLLC v. Experience Infusion Ctrs. LLC*, No. 01-19-00494-CV, 2020 WL 1681182, at *1 (Tex. App.—Houston [1st Dist.] Apr. 7, 2020, no pet.) (mem. op.). On appeal, the losing movant argued that "the trial court could not rely on the commercial-speech exemption because it was not raised by one of the parties before the trial court considered its applicability." *Id.* at *4. The appellate court disagreed, concluding that "such a requirement is inconsistent with the body of law analyzing the TCPA." *Id.* (citing *Adams*, 547 S.W.3d at 896 (disagreeing with court of appeals' conclusion that movant had waived reliance on

14

certain statutory provisions because movant "expressly mentioned these concerns at the hearing on the motion to dismiss")).

Tenant asserted the commercial speech exemption at the hearing. Assuming Tenant preserved its reliance on the exemption, we conclude nonetheless that it does not apply in this instance. Under the commercial speech exemption, the TCPA does not apply to:

> a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

Tex. Civ. Prac. & Rem. Code § 27.010(a)(2). Tenant had the burden to establish the exemption's applicability. *See Hieber*, 591 S.W.3d at 211.

The Supreme Court of Texas clarified the commercial speech exemption's proper construction in *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684 (Tex. 2018) (per curiam). The exemption applies when:

> (1) the defendant was primarily engaged in the business of selling or leasing goods,

> (2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services,

> (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and

> (4) the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides.

*Id.* at 688. Thus, the court continued, "the commercial-speech exemption applies only to certain communications related to a good, product, or service in the

15

marketplace—communications made not as a protected exercise of free speech by an individual, but as commercial speech which does no more than propose a commercial transaction." *Id.* at 690 (internal quotation omitted).

Here, there is no evidence that Landlord was "primarily engaged in the business of selling or leasing goods or services." Landlord was a non-profit corporation that owned real property, which it leased to Tenant. At least one court has indicated that real property is not a "good," for purposes of the TCPA. *See Schmidt v. Crawford*, 584 S.W.3d 640, 649 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ("We disagree that the plain, common meaning of 'good' is broad enough to embrace real property."). And Landlord was not providing a commercial service to Tenant. *See, e.g.*, *Howard v. Matterhorn Energy, LLC*, 628 S.W.3d 319, 332 n.5 (Tex. App.—Texarkana 2021, no pet.) (disagreeing that exemption applied because lease of unsevered mineral interests was neither a good nor service).

Tenant contends that *Lesley-McNiel* is "nearly identical" and should control. *See Lesley-McNiel v. CP Restoration Inc.*, 584 S.W.3d 579 (Tex. App.—Houston [1st Dist.] 2019, no pet.). There, CP Restoration leased a unit in a multi-tenant commercial building, which was owned by Abundantia. *Id.* at 580. Abundantia evicted CP Restoration, CP Restoration sued, Abundantia filed a TCPA motion to dismiss based on its right to petition by instituting the eviction proceedings, and CP Restoration invoked the commercial speech exemption. *Id.* at 580-81. On appeal, our sister court held that the exemption precluded the Act's applicability. *Id.* at 584.

We agree that, on the surface, there are similarities between today's appeal and *Lesley-McNiel*. But there is at least one key difference—in *Lesley-McNiel*, the movant did not "challenge any of these [*Castleman*] elements in particular." *Id.* at 582 & n.2. Rather, the only question to be decided in that case was whether the

16

commercial speech exemption applies to suits implicating the right to petition, as opposed to only the right of free speech. *Id.* at 582. The court held that the exemption "applies equally to communications that constitute a defendant's rights of petition and association," as well as free speech. *Id.* at 584. Furthermore, the opinion indicates that the movant in that case "acted as landlord of their multi-tenant commercial building," which supported the unchallenged assertion that the movant was primarily engaged in the "commercial leasing business." *Id.* at 581-82 & n.2. Here, there is no allegation or evidence that Landlord provided any services or was engaged in a commercial leasing business, as opposed to simply leasing real property, which we have already said is neither a good nor a service. *Lesley-McNiel* does not support Tenant's argument against TCPA's applicability.

## C. Did Tenant establish a prima facie case?

Having determined that the TCPA applies to (1) the part of Tenant's breach of contract and breach of the implied covenant of quiet enjoyment claims that are factually predicated Landlord's forcible detainer lawsuit and (2) Tenant's wrongful eviction claim, we turn to whether Tenant produced prima facie evidence to support each essential element of these claims.

### 1. Breach of contract

A breach of contract action requires proof of four elements: (1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained as a result of the breach. *See S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). There is no question that the Lease is a valid contract. In an attempt to establish the other elements, Tenant submitted evidence including declarations from Charles Cox, the senior vice president of operations at Tenant's parent company, and Todd Dupuis, who was the parent company's chief accounting officer during the relevant times. To show

17

that Tenant performed under the Lease, Cox averred that Tenant "in the past expended more than the 7% of its gross receipts, and was on track to do so again, in 2021, in Ongoing Capital Improvements, consistent with the course and dealings it had enjoyed throughout the term of the Lease." Dupuis stated that the January 2021 estimate, showing a $39,000 shortfall, was erroneously calculated and that Tenant actually expended on capital improvements approximately $2,300 more than seven percent of its gross receipts for 2020. To show that Landlord breached the Lease by filing the forcible detainer action, in violation of certain Lease provisions, Tenant submitted the forcible detainer petition and the Lease. To establish damages, Cox averred that, if Landlord was not enjoined from interfering with Tenant's use of the premises, Tenant would suffer a loss of no less than $226,000 in gross monthly revenue, which was the sum of the monthly dues paid by Club members to Tenant. Tenant also pointed out in its response that it pleaded for specific performance of the Lease.

The only element of Tenant's breach of contract claim that Landlord challenges on appeal is whether Tenant presented prima facie proof that it performed its obligations under the Lease. Landlord contends that Tenant presented no evidence of performance because Tenant—not Landlord—breached the Lease by failing to spend the required seven percent of gross receipts on capital improvements. More specifically, Landlord challenges Dupuis's calculations because Dupuis included items that, according to Landlord, are not capital improvements. But this is simply a dispute over the veracity of Tenant's evidence that it complied with the Lease. At this point in the proceedings, we do not consider such contentions but assume the truth of Tenant's clear and specific evidence. *See West v. Quintanilla*, 573 S.W.3d 237, 243 n.9 (Tex. 2019) ("[Movant] vigorously disputes many of [nonmovant]'s factual allegations, but at

18

this point we must decide only whether [nonmovant] has established a prima facie case by clear and specific evidence. . . . A finding that [nonmovant] has met his TCPA burden does not establish that his allegations are true.") (internal quotations omitted); *D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 440 n.9 (Tex. 2017) (refusing to consider TCPA movant's rebuttal evidence in determining whether nonmovant established prima facie case, stating that although movant "disputes [nonmovant's factual assertion] . . . at this stage of the proceedings we assume its truth").

The trial court did not err in denying Landlord's TCPA motion as to the part of Tenant's breach of contract claim factually predicated on Landlord's forcible detainer lawsuit.

### 2. Breach of the covenant of quiet enjoyment

We next consider Tenant's breach of the implied covenant of quiet enjoyment claim to the extent it is factually predicated on allegations that Landlord breached the implied covenant by filing and prosecuting its forcible detainer lawsuit.

A breach of the implied covenant of quiet enjoyment requires an actual or constructive eviction that is brought about by the acts of the landlord, those acting for the landlord, or those acting with the landlord's permission. *See Holmes v. P.K. Pipe & Tubing, Inc.*, 856 S.W.2d 530, 539 (Tex. App.—Houston [1st Dist.] 1993, no writ); *see also Lazell v. Stone*, 123 S.W.3d 6, 12 n.1 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). The elements of constructive eviction are: (1) an intention on the part of the landlord that the tenant shall no longer enjoy the premises; (2) a material act by the landlord that substantially interferes with the tenant's intended use and enjoyment of the premises; (3) the act permanently deprives the tenant of the use and enjoyment of the premises; and (4) the tenant

19

abandons the premises within a reasonable time after the commission of the act. *Holmes*, 856 S.W.2d at 539.

Here, no evidence was presented that Landlord permanently deprived Tenant of the use and enjoyment of the premises or that Tenant abandoned the Club; to the contrary, the uncontroverted allegations and evidence establish that Tenant remained on the premises even after Landlord obtained a judgment of possession, and there is no evidence that Tenant ever abandoned the premises. Tenant alleged in its live pleading, "Given that the only default noticed by [Landlord] was for nonpayment of 'Rent,' and the [Justice] Court correctly found that there was no 'Rent' default, [Tenant] filed its notice of appeal, *and currently remains in possession*, but has suffered damages . . . . " (Emphasis added.) Thus, there is no evidence of an actual or constructive eviction, and Tenant did not meet its burden to show clear and specific evidence in support of the portion of its breach of the covenant of quiet enjoyment claim that is subject to the TCPA. *See 2616 S. Loop L.L.C. v. Health Source Home Care, Inc.*, 201 S.W.3d 349, 359 n.7 (Tex. App.— Houston [14th Dist.] 2006, no pet.).

The trial court erred by implicitly denying Landlord's motion to dismiss the claim for breach of the implied covenant of quiet enjoyment to the extent it is factually predicated on the forcible detainer lawsuit. We order this portion of the claim dismissed without prejudice. *See Williams v. Ramey*, No. 14-21-00158-CV, 2022 WL 2517118, at *4 (Tex. App.—Houston [14th Dist.] July 7, 2022, no pet. h.) (mem. op.).

### 3. Wrongful eviction

The elements for wrongful eviction include: (1) the existence of an unexpired lease; (2) the tenant's occupancy of the premises; (3) the landlord's eviction of the tenant; and (4) damages suffered by the tenant attributable to the

eviction.  *See Garcia v. Galvan*, No. 14-11-00338-CV, 2012 WL 1606312, at *3 (Tex. App.—Houston [14th Dist.] May 8, 2012, pet. dism'd w.o.j.) (mem. op.). For the same reason as just discussed, Tenant did not meet its prima facie burden for its wrongful eviction claim because it is undisputed that Landlord did not actually or constructively evict Tenant from the property.  *See, e.g.*, *McKenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. App.—Corpus Christi 1964, writ ref'd n.r.e.) (an essential element of wrongful eviction is the eviction or dispossession of the plaintiff); *accord also McNeely v. Salado Crossing Holding, L.P.*, No. 04-16-00678-CV, 2017 WL 2561551, at *7 (Tex. App.—San Antonio June 14, 2017, no pet.) (mem. op.) (because plaintiffs remained able to access premises and produced no evidence of eviction or dispossession, no-evidence summary judgment was proper on wrongful eviction claim).

We order Tenant's wrongful eviction claim dismissed without prejudice. *See Williams*, 2022 WL 2517118, at *4.

### Conclusion

The trial court erred in denying Landlord's motion as to: (a) the part of Tenant's breach of the covenant of quiet enjoyment claim that is factually predicated on Landlord's forcible detainer lawsuit; and (b) Tenant's wrongful eviction claim.  We reverse in part and render judgment dismissing those claims without prejudice.  We affirm the trial court's order in all other respects, and we remand the case for further proceedings consistent with this opinion.


/s     Kevin Jewell
         Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.