**Reversed and Rendered and Opinion Filed December 10, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01306-CV**

**AMAZON.COM SERVICES LLC, Appellant**
**V.**
**REGINALD GRANT, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-04274-D**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

Amazon.Com Services LLC ("Amazon") appeals the $20,000 judgment entered in favor of Reginald Grant ("Grant") following a jury trial on Grant's breach of contract and fraud claims. In five issues, Amazon argues: (1) the trial court erred in denying its JNOV because the economic loss rule and/or independent injury rule foreclose Grant's recovery for fraud, (2) the breach of contract claim forecloses the fraud claim as a matter of law, (3) there is legally insufficient evidence of damages, (4) the evidence is legally and factually insufficient to support a fraud finding, and (5) the trial court erred in admitting Grant's exhibit number 6.

We conclude the evidence is insufficient to support the jury's fraud finding. We further conclude that the trial court erred in admitting exhibit 6, and consequently the evidence is insufficient to support the amount of damages awarded for breach of contract. We therefore reverse the trial court's judgment, render judgment for Grant on his breach of contract claim in the amount of $945.51, and remand to the trial court for entry of a judgment awarding Grant $945.51, together with prejudgment interest, post judgment interest, and costs allowable by law, to be determined and calculated by the trial court.

## I. BACKGROUND

Grant began working for Amazon in October 2018 as a warehouse associate. In April 2021, he received an email from transportation area manager Kris Mixon informing employees in the transportation department, including Grant, that Amazon intended to standardize its shifts, and employees within the transportation department would need to select one of the new shifts outlined in the email moving forward. Grant understood Mixon's email to mean one of the new shifts being offered, Wednesday through Saturday from 4:00 p.m. to 2:30 a.m., was eligible for a shift differential of $0.60 cents per hour (the "Shift Differential").

Grant bid on the shift and was selected for the position. He began working the new shift on or about June 11, 2021. When reviewing his paycheck approximately one month later, Grant realized that his paycheck did not include the Shift Differential.

Grant asked Mixon about the issue. In response, Mixon submitted a ticket to Human Resources on Grant's behalf. Mixon received no response, so he submitted an escalation ticket to Human Resources.

Mixon subsequently learned that no one on Grant's shift was eligible for the Shift Differential, so his email about the new shifts was in error. Mixon testified that his email was never intended to mislead anyone into thinking that the Shift Differential applied. Rather, his communication was "accidental."

In January 2022, after Mixon moved to a different position within the organization, Grant spoke with a different manager, George Wiley, about the Shift Differential. Wiley confirmed to Grant that he was not entitled to the Shift Differential because it did not apply to his shift. Nevertheless, Grant continued working the shift.

Grant filed suit in the Justice Court alleging breach of contract, fraud, and mental anguish and emotional distress. A jury found in favor of Grant, and the court entered judgment awarding him $386.00. plus costs. Grant appealed to the County Court and the case was tried to a jury.[1]

During trial, Amazon moved for directed verdict on the fraud claim as well as the claim for mental anguish and emotional distress damages. The Court denied Amazon's motion. After permitting Grant to reopen his case to present evidence of

---

[1] Grant appeared pro se at trial as he does on appeal.

his alleged mental anguish and/or emotional distress, the Court granted Amazon's motion for a directed verdict on the claim for mental anguish and emotional distress damages, but denied the motion as to fraud.

The jury was charged on both fraud and breach of contract. After deliberations, the jury found: (1) a valid contract existed between Grant and Amazon, (2) Amazon breached that contract "by failing to pay the 60 cent per hour shift differential," (3) Grant suffered $1,138.51 in damages relating to his breach of contract, (4) Amazon committed fraud "by falsely representing a 60 cent pay differential was available" for the shift Grant worked, and (5) Grant sustained $20,962.00 in damages as a result of the fraud.[2]

The trial court entered final judgement in favor of Grant in the amount of $20,000. Amazon filed a motion for JNOV, or alternatively, motion for new trial. The motion was denied and this appeal followed.

## II. ANALYSIS

### A. Fraud

Amazon's fourth issue argues the evidence is legally and factually insufficient to support the judgment for fraud. We agree.

---

[2] There is no explanation as to why the court reduced the $20,962.00 in fraud damages found by the jury to $20,000, but it appears the jury may have reached its fraud total by adding $20,000 to the contract damages.

In a legal-sufficiency review, we must consider all the evidence "in the light most favorable to the party in whose favor the verdict has been rendered," and "every reasonable inference deducible from the evidence is to be indulged in that party's favor[.]" *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). We may sustain a legal-sufficiency challenge—that is, a no-evidence challenge—only when (1) the record bears no evidence of a vital fact, (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). When the evidence offered to prove a vital fact is so weak that it creates no more than a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

In a factual-sufficiency review, we set aside a finding only if, after considering and weighing all the pertinent record evidence, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the finding should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (when party complaining of factual

insufficiency did not have burden of proof at trial, we conduct our review by considering all record evidence both for and against finding). When conducting a factual-sufficiency review, a court of appeals must not merely substitute its judgment for that of the factfinder. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). The factfinder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Id.*

The elements of fraud are (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the defendant made the representation with the intent that the plaintiff should act on it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered injury. *See Baleares Link Exp., S.L. v. GE Engine Servs.-Dallas, LP*, 335 S.W.3d 833, 839 (Tex. App.—Dallas 2011, no pet.). To prove the knowledge element of fraud, the plaintiff must show that the defendant's representation "was either known to be false when made or was asserted without knowledge of its truth." *Tex. Champps Americana, Inc. v. Comerica Bank*, 643 S.W.3d 738, 750 (Tex. App.—Dallas 2022, pet. denied). "If the alleged representation involves a promise to do an act in the future, the plaintiff must also prove that, at the time the defendant made the promise, the defendant had no intent of performing the act." *K. Griff Investigations, Inc. v. Cronin*, 633 S.W.3d 81, 92 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *see also Spoljaric v. Percival*

*Tours, Inc.*, 708 S.W.2d 432, 434–35 (Tex. 1986); *Aquaplex, Inc. v. Ranch La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam).

In this case, the jury charge appeared to be a hybrid of fraud and fraud by nondisclosure. Specifically, the charge read:

> Did Amazon . . . commit fraud by falsely representing a 60 cent pay differential was available for the shift Reginald Grant was working?
>
> Fraud occurs when-
>
> 1. the defendant deliberately failed to disclose material facts;
>
> 2. the defendant had a duty to disclose such facts to the plaintiff;
>
> 3. the plaintiff was ignorant of the facts and did not have an opportunity to discover them;
>
> 4. the defendant intended plaintiff to act or refrain from acting based on the nondisclosure;
>
> 5. the plaintiff relied on the nondisclosure, which resulted in injury.

The numerically elements listed in the charge describe a claim for fraud by nondisclosure. *See Bombardier Aerospace Corporation v. SPEP Aircraft Holding*, 572 S.W.3d 213, 219–220 (Tex. 2019); *Bradford v. Vento*, 48 S.W.3d 749, 754–55 (Tex. 2001) (explaining that there must be a duty to disclose); *Wise v. SR Dall., LLC*, 436 S.W.3d 402, 409 (Tex. App.—Dallas 2014, no pet.) (listing elements). Fraud by nondisclosure is a subcategory of fraud that occurs when a party has a duty to disclose certain information and fails to disclose it. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex.1997).

Amazon points out that the first part of the charge is incorrect because it instructs that fraud is a false representation, and a false representation is not an element of fraud by nondisclosure. But Amazon did not object to the charge. "It is the court's charge, not some other unidentified law, that measure the sufficiency of the evidence when the opposing party fails to object to the charge." *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000). We measure "the sufficiency of the evidence using the charge given, even if the charge does not correctly state the law." *Id.*; *Insurance Alliance v. Lake Texoma Highport, LLC*, 452 S.W.3d 57, 70 (Tex. App.—Dallas 2014, pet. denied) *see also Seger v. Yorkshire Ins. Co., Ltd.*, 503 S.W.3d 388, 407 (Tex. 2016) (legal sufficiency); *Westview Drive Invs., LLC v. Landmark Am. Ins. Co.,* 522 S.W.3d 583, 602 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (factual sufficiency). We measure the sufficiency accordingly.

Our sister court has suggested that fraudulent misrepresentation and fraud by concealment require distinct consideration and analysis. *See Transamerica Nat. Gas Corp. v. Coastal Corp.*, No. 04-94-00412-CV, 1996 WL 281366, at *4 (Tex. App.—San Antonio May 29, 1996, writ denied). While we do not necessarily disagree, distinct analysis is not feasible here where the two types of fraud were combined in one question to the jury.

Moreover, in this case, regardless of how characterized, there is no evidence of a deliberate misrepresentation, an intentional misrepresentation, or a deliberate failure to disclose material facts with the intent that Grant act or refrain from acting

–8–

based on the nondisclosed information. *See Avery Pharmaceuticals, Inv. v. Haynes & Boone, L.P.*, No. 02-07-317-CV, 2009 WL 279334, at *2 (Tex. App.—Fort Worth Feb. 5, 2009, no pet.) (no evidence of material false representation or failure to disclose).

Grant's evidence included the Mixon email listing various shifts including the shift Grant selected that was showing as eligible for a Shift Differential. Mixon testified that the email was erroneous, but he did not learn of the inaccuracy until Human Resources investigated the issue. The payment of a differential was not determined by Mixon, but rather, by Amazon policy. There is nothing to suggest Mixon knew the information was inaccurate at the time it was conveyed. Likewise, there is no indication that Mixon was reckless in providing the information. *See Higgins of Texas, Inc. v. Kenneco Higgins of Texas, Inc*., 962 S.W.2d 507, 526 (Tex. 1998) (speaker knew representation was false or made it recklessly without knowledge of truth).

In fact, when Grant brought the matter to his attention, Mixon contacted Human Resources to determine if Grant was eligible for the differential. When Grant asked again, Mixon submitted a ticket to Human Resources to escalate the issue. This supports an inference that Mixon was unaware that the shift information he provided was inaccurate. *See Spoljaric*, 708 S.W.2d at 434 (speaker's intent at the time of the representation may be inferred from the speaker's acts after the representation was made). Grant testified that his only complaint regarding Mixon

–9–

was that Mixon "relied on someone else to divulge information" pertinent to Grant's pay.

Because Amazon does not challenge the jury's finding that there was a contract, we are bound by that finding here. Considering the contract in the context of fraud, it is important to note that mere breach of a contract is no evidence that a party did not intend to perform. *Tony Guillo Motors 1, L.P. v. Chapa*, 212 S.W.3d 299, 305 (Tex. 2006). Nor does denial of the alleged promise prove fraudulent inducement. *Id.*

It is axiomatic that an innocent mistake of fact does not rise to the level of fraud. *See PlainsCapital Bank v. Reaves*, 05-17-01184-CV, 2018 WL 6599020, at *5 (Tex. App.—Dallas Dec. 17, 2018, pet. denied) (evidence legally insufficient to support fraud by nondisclosure where bank representative was ignorant of the facts he allegedly concealed); *Harris v. Sanderson*, 178 S.W.2d 315, 319 (Tex. App.—Eastland 1944, writ ref'd n.r.e.) (one is not liable for falsity of erroneous expression of opinion or belief). Simply put, a party cannot be guilty of fraudulently or intentionally concealing facts of which he is not aware. *Dewayne Rogers Logging, Inc. v. Propac. Indus., Ltd.*, 299 S.W.3d 374, 391 (Tex. App.—Tyler 2009, pet. denied); *HTM Rest., Inc. v. Goldman Sachs & Co.*, 797 S.W.2d 326, 329 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

Although intent is usually a determination for the fact finder, evidence that is so weak that it creates only a mere surmise or suspicion of its existence is no

evidence of intent. *See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992). In this instance, there is nothing to support even a suspicion or surmise that Mixon was aware of material facts that he failed to disclose or that he intentionally conveyed inaccurate information.

The failure to prove just one element is fatal to Grant's fraud claim, and we need not discuss the remining elements. *See Custom Leasing, Inc. v. Texas Bank & Trust Co. of Dallas*, 516 S.W.2d 138,143 (Tex. 1974). Because there is no evidence of an intentional misrepresentation or deliberate failure to disclose material facts, we conclude the trial court erred in failing to grant Amazon's JNOV. *See LaPree v. LaPree*, No. 03-20-00465-CV, 2022 WL 548285, at *5 (Tex. App.—Austin Feb. 24, 2022, no pet.). We sustain Amazon's fourth issue and therefore need not consider Amazon's first and second issues. *See* TEX. R. APP. P. 47.1.

**B.    Contract Damages**

Amazon's third issue argues the evidence is legally insufficient to support the jury's $1,138.51 award for breach of contract. Resolution of this issue turns on the resolution of Amazon's fifth issue, which argues that Exhibit 6, Grant's damages summary, was erroneously admitted into evidence. We consider the issues in tandem.

Grant offered six exhibits into evidence, including work schedules, a copy of a pay stub showing no differential pay, a text message concerning the Shift Differential, an email from Mixon concerning the changes in shifts, a list of the hours

–11–

worked in 2021 and 2022 for which Grant was not paid a Shift Differential, and a handwritten summary itemizing Grant's alleged damages. Amazon objected that there was no foundation for the admission of those documents. After the trial court requested Grant lay a foundation for admissibility, Grant stated:

> Well, I can certify and state as that these are what they purport to be from screenshots in my phone and emails. And I would also like to offer this evidence to support my position that I wasn't - - I was entitled to it and that I wasn't compensated.

The trial court did not admit exhibits 3 and 4 (a text screen shot and an email), but admitted Exhibits 1, 2, 5, and 6 into evidence. Exhibit 6, at issue here, is a handwritten summary of the damages Grant claimed to have suffered.

The decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Gharda USA, Inc. v. Control Solutions, Inc.*, 464 S.W.3d 338, 347 (Tex. 2015). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *U–Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). A "successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted." *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). Reviewing courts consider the entire record in determining whether an erroneous evidentiary ruling was harmful. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009).

Exhibit 6 lists actual damages in the amount of $945.51 resulting from Amazon's failure to pay the Shift Differential. Amazon does not dispute that this

amount is supported by other evidence or that the line item showing this amount on the summary was properly authenticated. But the summary also lists "401k Contribution @ 4% Co.Match" in the amount of $18.00, "Interest @ 2.1 Yearly 2yrs on $945" in the amount of $40.11, and $175.00 for "Expenses," including "Process service,[ ] Notary Services, Cert Letters." Adding the actual damages, 401k Contribution, and Expenses results in $1,138.51, which is the amount the jury awarded on Grant's breach of contract claim.

A jury generally has discretion to award damages within the range of evidence presented at trial. *Sw. Energy Prod. Co. v. Berry–Helfand*, 491 S.W.3d 699, 713 (Tex. 2016); *Powell Elec. Sys., Inc. v. Hewlett Packard Co*., 356 S.W.3d 113, 126 (Tex. App.–Houston [1st Dist.] 2011, no pet.). This principle, however, presumes the jury heard competent evidence of a range of damages. *Bigham v. Se. Tex. Env't, LLC*, 458 S.W.3d 650, 670 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Texas Rule of Evidence 901(a) requires the party offering evidence to produce sufficient evidence to support a finding that the item is what the proponent claims. TEX. R. EVID. 901(a). In addition, a party sponsoring a summary must show, among other things, the admissibility of the underlying documents. *See C.M. Ashfal Agency v. Tensor, Inc.*, 135 S.W.3d 768, 800 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also* TEX. R. EVID. 1006 (requiring contents of voluminous writings to be "otherwise admissible").

The record does not reflect that the underlying records concerning the 401K and Expenses were admissible. Indeed, there is no indication that there were underlying records at all. Grant did not testify concerning the origin of the summary, its accuracy, its truthfulness, or his personal knowledge of these line items.

The line item for prejudgment interest is also problematic. Although it appears the jury excluded this line item from the award, the question is whether it was properly submitted for their consideration. Prejudgment interest is defined as "compensation allowed by law as *additional* damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Johnson & Higgins of Texas v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998) (emphasis added). Thus, by definition, prejudgment interest is not included in the amount of actual damages. Further, we are aware of no authority to support the proposition that prejudgment interest on actual damages is a matter properly considered by the jury.

Because there was no evidence to support the admission of the prejudgment interest, Expenses, and 401K line items, the trial court erred in admitting Exhibit 6.

Exhibit 6 was the only evidence of the amounts claimed as damages in addition to the Shift Differential. Therefore, the jury's damage award could only be based on this erroneous evidence. If erroneously admitted or excluded evidence was crucial to a key issue, the error is likely harmful. *Reliance Steel & Alum. Co. v. Sevcik*, 267 S.W.3d 867, 873 (Tex. 2008). The error was harmful here.

Nonetheless, that Grant suffered damages totaling $945.51 for breach of contract (due to the Shift Differential) is supported by other evidence, including the documentary evidence and Grant's testimony. Therefore, while the evidence is insufficient to support the $1,138.51 award, there is sufficient evidence to establish that Grant suffered $945.51 in actual damages from Amazon's breach of contract. We sustain Amazon's fifth issue and its third issue to the extent we reverse the amount of damages awarded for breach of contract.

"When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when: (a) a remand is necessary for further proceedings; or (b) the interests of justice require a remand for another trial." *See* TEX. R. APP. P. 43.3; *Harrison v. Blue Mountain, Prop. Ventures, LLC*, No. 05-23-00583-CV, 2024 WL 4457019, at *7 (Tex. App.—Dallas Oct. 10, 2024, no pet.) (mem. op.). Because the evidence supports an award of $945.51 for breach of contract, we render judgment for Grant on that amount.

### III.  CONCLUSION

We sustain Amazon's third, fourth, and fifth issues, reverse the trial court's judgment, render judgment for Grant on his breach of contract claim in the amount of $945.51, and remand to the trial court for entry of a judgment awarding Grant $945.51, together with prejudgment interest, post judgment interest, and costs allowable by law, to be determined and calculated by the trial court.

/Dennise Garcia/

DENNISE GARCIA
JUSTICE

231306f.p05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

AMAZON.COM SERVICES LLC, Appellant

No. 05-23-01306-CV     V.

REGINALD GRANT, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-22-04274-D.
Opinion delivered by Justice Garcia. Justices Pedersen, III and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that: Grant recover $945.51 on his breach of contract claim. The case is **REMANDED** to the trial court for entry of a judgment awarding Grant $945.51, together with prejudgment interest, post judgment interest, and costs allowable by law, to be determined and calculated by the trial court.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 10th day of December, 2024.